# ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeals of -- ) | |
| ) | |
| Eyak Technology, LLC ) | ASBCA Nos. 58552, 58553 |
| ) | 58554, 58555 |
| ) | |
| Under Contract Nos. W912HZ-05-D-0015 ) | |
| W912HZ-09-C-0114 ) | |
| W912HZ-09-C-0115 ) | |
| W912HZ-09-C-0116 ) | |

APPEARANCES FOR THE APPELLANT:       Paul F. Khoury, Esq.
                                     Roderick L. Thomas, Esq.
                                     John R. Prairie, Esq.
                                     Samantha S. Lee, Esq.
                                       Wiley Rein LLP
                                       Washington, DC

APPEARANCES FOR THE GOVERNMENT:      Thomas H. Gourlay, Jr., Esq.
                                       Engineer Chief Trial Attorney
                                     Katherine D. Denzel, Esq.
                                       Engineer Trial Attorney

## OPINION BY ADMINISTRATIVE JUDGE MELNICK ON APPELLANT'S MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, TO DISMISS GOVERNMENT CLAIM, AND ON THE GOVERNMENT'S CROSS-MOTION FOR SUMMARY JUDGMENT

These are appeals from contracting officer final decisions claiming a total of $29,414,881.94 from Eyak Technology, LLC (EyakTek). The amount reflects alleged contract overpayments made to EyakTek by the United States Army Corps of Engineers (Corps) as a result of a fraudulent scheme masterminded by a Corps employee, and that also involved an EyakTek employee and various subcontractors. EyakTek seeks dismissal on the ground that the government's claims improperly assert fraud. The government cross-moves for summary judgment, claiming the undisputed facts show that it overpaid EyakTek and that it is entitled to recover the overpayments. Both motions are denied.

<u>STATEMENT OF FACTS (SOF) FOR PURPOSES OF THE MOTIONS</u>

The following facts are not in dispute:

1. Between 2011 and 2012, eleven individuals, including two former government employees and one former employee of EyakTek, pled guilty to certain crimes after being charged with participating in a bribery and kickback scheme involving contracts with the Corps (SUMF ¶¶ 1-9; ex. A-8 at 2-3).[1] In summary, two Corps contracting officials facilitated the award of subcontracts to corrupt companies in return for payments. The subcontractors then included false or inflated amounts in their invoices to the Corps' prime contractors, which were then forwarded to the two Corps officials for payment approval. (SUMF ¶¶ 4-12) The final judgments against many of the defendants included orders to pay restitution for disbursal to the Corps as the victim of their crimes (SUMF ¶¶ 10-12; exs. A-15, -16, -18, -20, -22, -31, -37).[2] Among those orders was one issued to the purported leader of the conspiracy, former Corps employee Kerry Khan, which requires him to pay restitution in the amount of $32,553,252.93 (ex. A-37 (Minute Order entry 7/11/2013)). EyakTek has also been informed by the Department of Justice that it is under investigation respecting the scheme. It has met with the Department to discuss resolution of potential claims under the False Claims Act and the Anti-Kickback Act. (Ex. A-35)

2. On 20 December 2012, a Corps contracting officer issued final decisions to EyakTek, asserting government claims for the return of payments made on Contract Nos. W912HZ-05-D-0015, W912HZ-09-C-0114, W912HZ-09-C-0115, and W912HZ-09-C-0116. The decisions refer to the criminal conspiracy and generally describe a series of events in which subcontractors invoiced EyakTek for work that was not performed, included fictitious line items and costs in purchase orders, or issued false invoices. These acts were typically at the direction of Mr. Khan, or with his knowledge or that of EyakTek's convicted employee. They describe markups EyakTek added to the invoices that it then forwarded to the Corps for payment, accompanied by certifications that the identified work was performed. They calculate that the Corps ultimately overpaid EyakTek a total of $29,414,881.94. Together, the decisions seek payment of that amount from EyakTek. (Exs. A-8 to -11) EyakTek filed a notice of appeal to this Board from all of the decisions on 15 February 2013.

---

[1] "SUMF" refers to the Statement of Undisputed Material Facts in Support of Motion for Summary Judgment or to Dismiss Government Claim filed by EyakTek with its motion. Exhibits A-1 to A-35 were filed by EyakTek with its motion.

[2] Ex. A-37 was filed with EyakTek's Second Supplemental Memorandum in Support of Motion for Summary Judgment or to Dismiss Government Claim, which includes this appeal in its heading along with Eyak Services, LLC, ASBCA Nos. 58556, 58557.

3. EyakTek now moves for summary judgment, or dismissal of its appeals for lack of jurisdiction, on the ground that the contracting officer's decisions are based upon the fraudulent conduct of particular individuals. It relies upon a statutory prohibition upon agencies settling or compromising fraud claims on their own to contend that the decisions are nullities. Alternatively, EyakTek suggests that the government's claims should be dismissed to avoid the possibility of inconsistent decisions between this forum and those adjudicating the fraud.

4. The government cross-moves for summary judgment, claiming that the undisputed facts show that the amounts it seeks represent overpayments made on the contracts for goods that were not delivered. It contends it is entitled to recover the overpayments as a matter of law.

DECISION

I.    EyakTek's Motion

These appeals are from government claims contained in the four final decisions issued against EyakTek. Under the Contract Disputes Act (CDA), 41 U.S.C. §§ 7101-7109, we may only entertain an appeal from a final decision on a proper CDA claim. *See Northrop Grumman Computing Sys., Inc. v. United States,* 709 F.3d 1107, 1111-12 (Fed. Cir. 2013). In this context, the adequacy of the claim does not pertain to whether it is meritorious; it relates to whether the claim complies with the requirements of the CDA. "If a purported claim is found to be insufficient for any reason, the insufficiency is fatal to jurisdiction under the CDA." *Id.* at 1112. Because EyakTek's arguments implicate our jurisdiction, we consider them through the lens of a motion to dismiss for lack of jurisdiction. *See Raytheon Missile Sys.,* ASBCA No. 58011, 13 BCA ¶ 35,241 at 173,015 (treating a request for a declaration that a government claim is time barred under the CDA as a motion to dismiss for lack of jurisdiction).

The CDA forbids agencies from relying upon it "to settle, compromise, pay, or otherwise adjust any claim involving fraud." 41 U.S.C. § 7103(c)(1). Thus, contracting officers may not pursue claims for penalties or forfeitures arising from fraud in their final decisions, and this Board lacks jurisdiction over appeals involving such claims. *See Martin J. Simko Constr., Inc. v. United States,* 852 F.2d 540 (Fed. Cir. 1988); *Public Warehousing Co. K.S.C.,* ASBCA No. 58078, 13 BCA ¶ 35,460 at 173,896-97. EyakTek contends that the government's claims against it involve fraud because they arise from its criminal prosecution of the conspirators and involve their false subcontractor charges (app. mot. at 8-11). EyakTek suggests that the government does not have a contractual basis for its claims because the government does not allege that it paid EyakTek more than the fixed prices of its delivery orders. Instead, it says the decisions allege that the amounts paid were inflated by fraud.

3

The government's claims against EyakTek do not arise from any alleged fraud by EyakTek. The government simply seeks the return of alleged overpayments that it claims EyakTek was not entitled to receive. The claims allege that an established, fraudulent conspiracy by others, which included government, contractor, and subcontractor personnel, caused the government to make overpayments to EyakTek for work that was never performed, or in amounts that were unjustifiably inflated (SOF ¶ 2). The government does not base its claims upon any alleged responsibility EyakTek bears for that scheme. The fact that EyakTek is the subject of a fraud investigation by the Department of Justice is irrelevant. Whatever that investigation may lead to, the government's claims here are not premised upon fraud.

Contrary to EyakTek's suggestion, the government's claims assert a cognizable, non-fraud basis for recovery based upon the established doctrine that the government is required to recover amounts paid to a contractor that the contractor was not entitled to receive. FAR 32.601-605; *Acme Process Equip. Co. v. United States,* 347 F.2d 538, 551-52 (Ct. Cl. 1965) (acknowledging that the government can recover "funds which its agents have wrongfully, erroneously, or illegally paid"); *Fansteel Metallurgical Corp. v. United States,* 172 F. Supp. 268, 270 (Ct. Cl. 1959) (holding that it is the duty of the government to sue for recovery of erroneous payments), *accord Altos Fed. Grp.,* ASBCA No. 53523, 07-2 BCA ¶ 33,657 at 166,678. EyakTek attempts to distinguish this precedent, arguing that it never invoiced for more than the contract price. Thus, the government is not really seeking the return of erroneous payments, but instead claiming the contracts' prices were fraudulently inflated. (App. opp'n and reply at 7-8) As already noted, the government is not contending that it was defrauded by EyakTek. It is alleging that it paid EyakTek more than it was entitled to receive due to the fraudulent acts of others. EyakTek has not established that the government must prove EyakTek itself committed fraud in order to recover overpayments made to it. As was the situation in *Medica, S.A.,* ENG BCA No. PCC-142, 00-2 BCA ¶ 30,966 at 152,812, a case relied upon by EyakTek, "[w]hether fraud or other illicit acts were committed in the course of the events underlying the Government's claims are separate matters," and "[t]he Board is not deciding whether fraud...occurred." The government's claims implicate the parties' contract rights, not whether EyakTek committed fraud. We have jurisdiction to decide these issues. *See M&M Servs., Inc.,* ASBCA No. 28712, 84-2 BCA ¶ 17,405 at 86,688.

EyakTek also contends that "[t]he Government's claims should...be dismissed to avoid the possibility of inconsistent decisions between the Board and the appropriate tribunals for pursuing civil and criminal remedies for the fraudulent activity at issue in the Final Decisions" (app. mot. at 1-2, 11-12). Relying on the fact that it is the subject of a civil fraud investigation by the Department of Justice, EyakTek suggests that there might be an inconsistency between the decision of this Board and the actions of the Department of Justice or other tribunals. Therefore, the government's claims must be dismissed for lack of jurisdiction. EyakTek cites no authority for the proposition that a government claim against a contractor is subject to dismissal if the Department of Justice

is also investigating the contractor for civil fraud. Nor does EyakTek support its contention that a government claim must be dismissed because there could be inconsistencies between the proceedings here and those of other agencies or fora. Under certain circumstances, it could be appropriate to stay an appeal here to avoid inconsistencies. *See Public Warehousing,* 13 BCA ¶ 35,460 at 173,897. But, given that currently there is only an investigation of EyakTek taking place, EyakTek has not provided any basis for finding that a suspension is necessary, nor has a motion for a stay been filed by either party.

In supplements to its motion to dismiss, EyakTek expands upon its inconsistency argument, suggesting that a conflict could also arise between the government's claims here and the restitution awards the government has already obtained against the individual conspirators. It contends that the restitution awards already compensate the government for the overcharges the government seeks and therefore these proceedings could lead to a double recovery by the government. It emphasizes in its reply that this potential for a double recovery is another reason to dismiss the government's claim for lack of jurisdiction (app. opp'n and reply at 10-13). We are unaware of authority depriving us of jurisdiction over the claims because they pose the risk of a double recovery by the government.

Rather than restricting our jurisdiction, EyakTek's double recovery concern potentially relates to the merits of the government's claims. Though precedent permits the government to seek the return of overpayments made to contractors, its ultimate entitlement to recover is governed by equitable principles applied in "a case-by-case determination designed to avoid injustice." *USA Petroleum Corp. v. United States,* 821 F.2d 622, 625 (Fed. Cir. 1987). Such a review requires the development of a thorough record which, among other things, should address the events leading to the alleged overpayments, the roles played by both government and EyakTek personnel in those activities, the parties' knowledge of the scheme, what they did or should have done to avoid it, and their reliance upon each other's conduct. *See id.* at 625-27. It also should provide specifics about the nature and calculation of the restitution awards, the degree to which they overlap with the claims here, their potential to be satisfied, and whether EyakTek continues to possess the allegedly overpaid funds.

Because the government's claims are proper under the CDA, we possess jurisdiction to entertain an appeal from them, and since a complete record is necessary to rule upon their merits, we deny EyakTek's motion.

II.     The Government's Motion

For similar reasons, we also deny the government's cross-motion for summary judgment. The government cites its final decisions as evidence of its overpayments to EyakTek. It suggests that EyakTek's complaint implicitly admits to the overpayments

5

and that the overpayments reflect undelivered goods. It therefore contends that there is no dispute that it paid for goods and services that were not delivered, and that it is therefore entitled to recover $29,414,881.94 as a matter of law. (Gov't opp'n and cross-mot. at 13-18)

Summary judgment should be granted if it has been shown that there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). Significantly, it should only be granted after there has been adequate time for discovery. *Id.*

Because these appeals are from government claims, the government bears the burden of proof. *See Eaton Corp.,* ASBCA No. 34355, 93-2 BCA ¶ 25,743 at 128,096, *aff'd,* 26 F.3d 140 (Fed. Cir. 1994) (table). Contrary to the government's arguments, EyakTek's complaint does not admit to the accuracy of the claims' overpayment calculations or that they reflect undelivered goods. Indeed, the complaint affirmatively challenges some of the government's calculations (compl. ¶¶ 52-53). EyakTek seeks discovery regarding the government's calculations, which it has not been able to perform yet (app. reply and opp'n at 15). We will permit that discovery. More fundamentally, as noted previously, any government entitlement to recover here is governed by equitable principles we cannot assess without a thorough development of the record. Accordingly, the government's cross-motion for summary judgment is denied.

## CONCLUSION

Both motions are denied.

Dated: 1 April 2014

MARK A. MELNICK
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

MARK N. STEMPLER
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA Nos. 58552, 58553, 58554, 58555, Appeals of Eyak Technology, LLC, rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals